IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Tableau Software, Inc. and Salesforce.com, Inc. Derivative Litigation | C.A. No. 20-cv-467-SB<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING DOUBLE-DERIVATIVE CLAIMS WITH PREJUDICE**

Plaintiff Abdullah Ansary ("Plaintiff") by and through his undersigned counsel, hereby moves the Court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of the Order dated March 22, 2021 (D.I. 22), dismissing Plaintiff's double-derivative claims on behalf of Salesforce.com, Inc. ("Salesforce") with prejudice. Plaintiff moves the Court to modify the language of the Order so as to limit the dismissal of the above-captioned action to be with prejudice only as to Plaintiff's demand futility claims pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, but otherwise to dismiss his double-derivative claims without prejudice. The grounds for this motion are set forth herewith.

**RELEVANT BACKGROUND**

On August 11, 2020, Plaintiff filed a Verified Consolidated Shareholder Double Derivative Complaint on behalf of Nominal Defendants Tableau Software, Inc. ("Tableau") and Salesforce against certain officers and/or directors of Tableau for breaches of their fiduciary duties and unjust enrichment. D.I. 10.

On September 25, 2020, Tableau, Salesforce and the individual defendants filed a Motion to Dismiss for Failure to State a Claim, seeking to dismiss Plaintiff's derivative claims pursuant to Federal Rule of Civil Procedure 23.1 for failure to adequately plead demand futility and,

alternatively, on behalf of the individual defendants only, pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim for relief. D.I. 12-13.

On November 5, 2020, the above-captioned matter was reassigned from Chief Judge Leonard P. Stark to Your Honor. D.I. 15.

Plaintiff filed his opposition to defendants' motion to dismiss on November 9, 2020 and briefing on the motion was completed on December 9, 2020. D.I. 16-17.

On February 10, 2021, the Court issued a Memorandum Opinion, detailing the reasoning behind the Court granting the Rule 23.1 motion to dismiss Plaintiff's consolidated complaint. D.I. 19. The Court explained that Plaintiff failed to make a pre-suit litigation demand on the Salesforce Board of Directors to take action in response to alleged misconduct by Tableau's officers and directors and that the consolidated complaint did not plead adequate facts challenging Saleforce's board's independence or disinterestedness to excuse making such demand. Thus, the Court held that demand was not excused as futile. In granting defendants' motion to dismiss pursuant to Rule 23.1 for failing to establish demand futility, the Court noted that, "[t]hough Ansary's claims might have some merit, they belong to Salesforce. Since he has not pleaded particularized facts to show that demand should be excused, he cannot bring this double-derivative action." D.I. 19 at 8. The Court allowed Plaintiff thirty days to amend to cure the defect and denied defendants' motion to dismiss under Rule 12(b)(6) as moot. *Id*. at 8-9.  The same day, the Court ordered that the consolidated complaint be dismissed without prejudice pursuant to the Court's opinion. D.I. 20. I.e., the Court did not rule on whether Plaintiff pleaded actionable claims for breach of fiduciary duty and unjust enrichment.

Thereafter, in accordance with the Court's Memorandum Opinion and Order (D.I. 19-20), instead of filing an amended complaint, on March 18, 2021, Plaintiff served a detailed litigation

demand on Saleforce's Board of Directors to take action against certain current/former officers and directors of Tableau for alleged misconduct, including making false and misleading statements and omissions of material fact that downplayed various negative impacts new competition was having on Tableau, breaching their fiduciary duties, grossly mismanaging Tableau, abusing their control, wasting corporate assets, and unjustly enriching themselves. Plaintiff's demand indicated that Plaintiff intended to initiate litigation on behalf of the Company if the Salesforce Board of Directors failed to commence action within a reasonable period of time and noted that Plaintiff was available to assist the board in its investigation.

On March 22, 2021, the Court issued an Order dismissing Plaintiff's double-derivative claims on behalf of Salesforce *with prejudice* and closing the above-captioned action. D.I. 10.

## ARGUMENT

"A motion for reconsideration is the 'functional equivalent' of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e)." *Kaufman v. Allemang*, 70 F. Supp. 3d 682, 697 (D. Del. 2014) (citing *Jones v. Pittsburgh Nat'l Corp.,* 899 F.2d 1350, 1352 (3d Cir.1990)). Reconsideration is appropriate to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999). In making such a motion, the moving party must show: "an intervening change in the controlling law; (2) the availability of new evidence that was not available when the [judgement was granted]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id*. Here, Plaintiff submits that reconsideration over the dismissal of Plaintiff's double-derivative claims is appropriate to prevent the manifest injustice of barring Plaintiff from bringing double-derivative claims on behalf of Salesforce for breach of fiduciary duties to Tableau, gross mismanagement, abuse of control, waste of corporate assets, and unjust enrichment should the

Salesforce Board of Directors improperly reject Plaintiff's litigation demand for action given that the Court has not thus far ruled on whether Plaintiff has properly pled that any of those claims are actionable.

The language of the Court's Order grants dismissal of Plaintiff's double-derivative claims with prejudice, but without making a distinction between Plaintiff's failure to adequately plead demand futility pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and whether Plaintiff has properly pled his double-derivative claims for breach of fiduciary duty and unjust enrichment. Without reconsidering and then modifying the language of the Court's Order, Plaintiff is arguably disqualified from pursuing his double-derivative claims against Salesforce even if the Salesforce Board of Directors wrongfully refuses his demand.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its March 22, 2021 Order dismissing all of Plaintiff's double-derivative claims with prejudice and modify the language of the Order so as to limit the dismissal of the above-captioned action to be with prejudice only as to Plaintiff's demand futility claims pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, but otherwise dismiss the double-derivative claims without prejudice.

Dated: March 25, 2021

Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

- 5 -

*Liaison Counsel for Plaintiff*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
tbrown@thebrownlawfirm.net

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com

*Co-Lead Counsel for Plaintiff*